UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

_____
                                                              )
**IN RE YASMIN AND YAZ (DROSPIRENONE)**       )        3:09-md-02100-DRH-PMF
**MARKETING, SALES PRACTICES AND**                 )
**PRODUCTS LIABILITY LITIGATION**                     )              MDL No. 2100
_____          )                   ORDER

**This Document Relates to:**
_____

*Wilson v. Bayer Corp. et al.*,  No.:  3:10-cv-12118-DRH-PMF

*Herrington v. Bayer Corp., et al.*, No.:  3:10-cv-11353-DRH-PMF

*Tempel v. Bayer Corp., et al.*, No.:  3:10-cv-12335-DRH-PMF
_____

ORDER

Plaintiffs in the above titled actions filed *notices* of voluntary dismissal without prejudice as to the entire case pursuant to Federal Rule of Civil Procedure 41(a)(1) on January 6, 2011 (*Wilson and Herrington*) and January 12, 2011 (*Tempel*).   More than thirty (30) days have passed since the filing of the voluntary dismissal pleadings.  No Defendant has responded to the filings.

Rule 41(a)(1)(i) authorizes a plaintiff to dismiss an action on his own without seeking a court order **"by filing a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment"** **Fed. R. Civ. P. 41(a)(1)(i)**.  Rule 41(a)(1)(i) is to be read literally and thus, service of either an answer or a motion for summary judgment terminates the Plaintiff's right to walk away from the case at its discretion.  **See Marlow v.**

*Winston & Strawn,* **19 F.3d 300 (7th Cir. 1994);** *Winterland Concessions Co. v. Smith***, 706 F.2d 793, 795 (7th Cir. 1983)**.

In each of the above titled actions, one or more Defendants has served an answer.  Because answers have been served Plaintiffs may not simply notice the dismissal of their cases.  Accordingly, the Court treats the notices as *motions* for voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(2).

Generally, a voluntary dismissal without prejudice should be allowed unless the opposing party will suffer "plain legal prejudice".   ***Stern v. Barnett*, 452 F.2d 211(7th Cir. 1971)**.  Four factors are used to guide the determination of whether a defendant will suffer plain legal prejudice: "**[1] the defendant's effort and expense of preparation for trial, [2] excessive delay and lack of diligence on the plaintiff in prosecuting the action, [3] insufficient explanation for the need to take a dismissal, and [4] the fact that a motion for summary judgment has been filed by the defendant.**" *Outboard Marine***, 789 F.2d at 502 (***quoting Pace v. S. Express Co.***, 409 F.2d 331, 334 (7th Cir.1969)**.

Considering the above factors and the fact that Defendants have not responded to the voluntary dismissal pleadings, the Court concludes that voluntary dismissal of the above captioned actions would not result in plain legal prejudice.  Accordingly, the Court **GRANTS** Plaintiffs' motions for voluntary dismissal **without prejudice** under Rule 41(a)(2).

### III.     CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiffs motions for voluntary dismissal **without prejudice**.

**IT IS SO ORDERED**

David R. Herndon
2011.02.14
14:38:54 -06'00'

**Chief Judge**  **Date:  February 14, 2011**
**United States District Court**